IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VICKIE PATTERSON,

    Plaintiff,

v.                                                     CASE NO.: 3:10-cv-00704
                                                         Judge Haynes/Bryant

KROGER LIMITED PARTNERSHIP I,

    Defendant.


**INITIAL CASE MANAGEMENT ORDER**

In accordance with Local Rule 16.01(d)(2), the parties submit this Initial Case Management Order.

**I.    JURISDICTION AND VENUE:**

The Court has jurisdiction of this case pursuant 28 U.S.C. §1332. Further, after administrative exhaustion, Plaintiff intends to amend her complaint to include claims under Title VII, thus giving rise to jurisdiction under 28 U.S.C. §1331. Venue is proper in this Court.

**II.    PARTIES' THEORIES OF THE CASE:**

    **A.    Plaintiff's Theory of the Case:**

Plaintiff alleges violations of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.* ("THRA") and Tennessee Public Protection Act, T.C.A. § 50-1-304 ("TPPA"), and common law claims for defamation, false imprisonment and wrongful termination. In particular, Plaintiff was subjected to severe and pervasive sexual harassment on a regular basis by her supervisor. The comments were vulgar and sexually explicit. The comments were made in front

of other members of management who took no steps to protect Plaintiff from the behavior.

Further, Plaintiff applied for and was accepted to a meat cutter training program. The meat cutter position is typically filled by male employees. In doing so, Plaintiff was subjected to ridicule, harassment and retaliation from her immediate supervisors and store management. Plaintiff was also subjected to retaliation in the form of intimidation, harassment and eventual job loss for objecting to sexual harassment/discrimination in the workplace, as well as objecting to racially discriminatory comments made by the store manager in reference to the meat cutter training position.

Plaintiff's employment was terminated shortly after she applied for meat cutter training and after she objected to racially discriminatory remarks made by the store manager for a pretextual reason. In particular, Defendant's agents accused Plaintiff of stealing, falsely imprisoned her without basis and constructively discharged her. All of these actions are contrary to Defendant's written policies. Subsequently, Defendant defamed Plaintiff by calling her a thief to persons who did not work for it.

As a result of the violations of the THRA and the TPPA, Plaintiff is entitled to recover back pay and front pay, compensatory and punitive damages, pre-judgment and/or post judgment interest, as well as a reasonable award of attorneys' fees and costs and any other legal and equitable relief to which she may be entitled.

**B.     Defendant's Theory of the Case:**

Plaintiff began her employment with Defendant on or about August 13, 2007 as a store clerk in the meat department at Store No. 571. Plaintiff's employment with Defendant ended on July 31, 2009 when she resigned. Defendant denies the material allegations of Plaintiff's Complaint and has filed an Answer and Affirmative Defendants in accordance with its denial.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

    **A.**    <u>Rule 26(a)(1) Initial Disclosures</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before October 12, 2010.

    **B.**    <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

On or before December 6, 2010, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    **C.**    <u>Other Pretrial Discovery Matters</u>

Plaintiff requests a trial date of January 10, 2012.

Defendant will not be prepared to proceed to trial until at least February 7, 2012. As discussed at the Case Management Conference held on September 20, 2010, one of Defendant's primary witnesses, Brent Jones, will be deployed to Iraq for service in the army in December 2010. He will not return to the United States until sometime in January 2012. The February 7, 2012 date is a little over two months past the date that the Court stated the case would normally be set for trial. Jury trial is set to begin on **February 7, 2012, at 9:00 a.m.**

If this action is to be settled, the Law Clerk shall be notified by noon on **February 3, 2012**_____. If the settlement is reached thereafter resulting in the non-utilization

of jurors, the costs of summoning jurors may be taxed to the parties dependent on the circumstances.

A pretrial conference shall be held on January 23, 2012, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery will be completed by June 6, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by June 6, 2011. All discovery related statements shall be submitted in sufficient time so that the response shall be in hand by June 30, 2011. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of records shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert motions shall be filed by July 11, 2011, and any responses thereto shall be filed by August 10, 2011. Any replies shall be filed by August 24, 2010.[1]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendment will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. It is anticipated that Plaintiff will amend the Complaint to add a Title VII claim. It is not yet known whether additional parties shall be added. The deadline for amending the pleadings is February 28, 2011.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be

---

[1] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of the Court shall govern.

By April 11, 2011, the plaintiff shall declare to the defendant (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By May 11, 2011, the defendant shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by June 6, 2011. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions and production upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable

the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39 (c)(6)( c) relating to expert witnesses shall apply in this action, and strict compliance is required.

**IV.    OTHER AGREEMENTS REACHED BY THE PARTIES:**

    **A.**    <u>Third Party Subpoenas</u>

The Parties anticipate third-party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

    **B.**    <u>Electronic Discovery</u>

The parties agree to abide by Administrative Order No. 174. To the extent necessary, the Parties may enter into a separate agreement concerning the procedures to be followed with regard to searching for and producing Electronically Stored Information ("ESI").

    **C.**    <u>Electronic Service</u>

Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

    Respectfully submitted,

| | |
|---|---|
| /s/*Heather Collins (with permission)* <br> Heather Moore Collins (#26099) <br> 2002 Richard Jones Road, Suite B-200 <br> Nashville, Tennessee 37215 <br> (615)724-1996 <br> (615)691-7019 (FACSIMILE) <br> heather@hmcollinslaw.com | /s/*Adam C. Wit* <br> Adam C. Wit ARDC# 06230538 (*admitted pro hac vice*) <br> Raven A. Winters ARDC #6291077 *(Pro Hac Vice pending)* <br> LITTLER MENDELSON <br> A Professional Corporation |

*Attorney for Plaintiff*

321 North Clark Street
Suite 1000
Chicago, IL  60654
312.372.5520
awit@littler.com

Timothy K. Garrett (BPR #12083)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
tgarrett@bassberry.com

*Attorneys for Defendant*

It is so **ORDERED**.

**ENTERED** this 28th day of September, 2010.

     *s/ John S. Bryant*
     ---
     JOHN S. BRYANT
     United States Magistrate Judge